1

**LAW OFFICES OF WALTER J. WABBY**
**WALTER J. WABBY, ESQ. – SBN 86678**

2

**RICHARD E. GOLDEN, ESQ. – SBN 102079**
**MATTHEW D. WABBY, ESQ. – SBN 323474**

3

21031 Ventura Boulevard, Suite 921
Woodland Hills, California  91364-2263

4

Telephone:  (818) 347-6230
Facsimile:  (818) 347-6554

5

Attorneys for Plaintiff

6

7

## UNITED STATES DISTRICT COURT

8

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

10

11

CRISELIDA BOAZ,

12

Plaintiff,

13

vs.

14

JAMES O. MCCLAIN, individually,
DEPARTMENT OF VETERANS AFFAIRS

15

GREATER LOS ANGELES
HEALTHCARE SYSTEMS, a

16

governmental entity, and DOES 1 through
40, inclusive,

17

18

Defendants.

19

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

**COMPLAINT FOR DAMAGES**

20

21

Plaintiff, Criselida Boaz, ("Boaz" or "Plaintiff") hereby alleges causes of action

22

against Defendants James O. McClain ("McClain") and Department of Veterans

23

Affairs Greater Los Angeles Healthcare Systems ("DVA-GLAHS") as follows:

24

## PARTIES

25

26

1.     Plaintiff Boaz is, and at all times mentioned herein was, a competent

27

individual over the age of 18, and at all times mentioned herein, the Plaintiff was and

28

is a resident of the County of Los Angeles.

1

2.     Plaintiff is required to comply with a claims statute, and Plaintiff has complied with all applicable claims filing requirements.

3.     Plaintiff is informed and believes and upon such information and belief, alleges that at all times mentioned herein the defendant DVA-GLAHS is, and was, a governmental entity duly organized and existing under the laws of the United States of America and the State of California and at all times mentioned herein was doing business at 11301 Wilshire Boulevard, Los Angeles, California.

4.     Plaintiff is informed and believes and upon such information and belief, alleges that at all times mentioned herein the defendant McCain is, and was, a natural person who resides in Inglewood, California.  Plaintiff is informed and believes and upon such information and belief, further alleges that at all times mentioned herein the defendant McCain was, and is, an employee or agent of defendant DVA, and was the driver of the vehicle involved in the accident and at all times mentioned herein was acting in the course and scope of such employment or agency.

5.     The true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities when the same are fully ascertained.

6.     DOES 1 through 20 are agents and employees of defendant DVA-GLAHS.  Plaintiff is informed and believes and upon such information and belief alleges that each of the defendants named herein are and at all times herein mentioned was, the agent and employee of each of the remaining defendants, and in doing the things alleged herein, was acting within the course and scope of such agency and employment.

7.     DOES 21 through 40 are persons whose identities and capacities are unknown to Plaintiff at this time. Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities when the same are fully

2

1  ascertained.

2

3        8.      This Court is the proper court because defendant DVA-GLAHS is a

4  department of the United States government, and defendant McCain was an

5  employee of DVA-GLAHS and was acting in the course and scope of this

6  employment at the time of the injury to plaintiff.  The relief sought in this complaint is

7  within the jurisdiction of this court.

8

9        9.      On or about September 8, 2016, plaintiff Boaz was a pedestrian walking

10  near Building 500 of the North Circle of the DVA-GLAHS medical center located at

11  11301 Wilshire Boulevard, Los Angeles, California when she was struck by a bus

12  owned by DVA-GLAHS and which was being operated by defendant McClain with the

13  permission of DVA-GLAHS.  At the time of the incident, the bus was entrusted by

14  DVA-GLAHS to defendant McClain who, at the time of this incident, was an employee

15  and agent of DVA-GLAHS, and was operating the bus in the course and scope of his

16  employment and agency.

17

18        10.     Defendant McCain owed plaintiff a duty of due care to act as a

19  responsible driver.  Particularly, defendant McCain owed plaintiff Boez a duty to

20  operate the bus in a safe manner that was consistent with vehicle laws, to maintain

21  control of his vehicle, including, but not limited to, keeping a lookout for pedestrians,

22  to keep the bus under control, to refraining from moving the bus when a pedestrian

23  was in the immediate area, to keep the bus a safe distance from pedestrians and

24  otherwise to operate the bus in a way that would prevent striking a pedestrian.

25  Plaintiff alleges that defendant breached the duty of due care and thus the acts of

26  defendant were negligent, and that this negligence was the legal (proximate) cause of

27  injuries and damages to plaintiff.

28

11.     As a result of the impact, plaintiff Boaz was knocked to the ground and sustained physical injuries resulting in hospital and medical expenses and which will require future treatment, as well as general damages for her past and future pain and suffering.

### PRAYER

WHEREFORE Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     General damages in an amount to be proven at trial;

2.     Damages for medical and related expenses according to proof;

3.     For costs of suit incurred herein;

4.     For such other and further relief as this Court deems just and proper.

Dated:  March 8, 2019                    Law Offices of Walter J. Wabby

By: _____
Walter J. Wabby, Esq.
Attorney for Plaintiff
Criselida Boaz

COMPLAINT FOR DAMAGES